**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MARIA GARCIA DIAZ** | **CIVIL CASE NO. 3:26-cv-02049 (SEC. P)** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **TODD BLANCHE, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

# JUDGMENT

Petitioner Maria Garcia Diaz,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), moves for leave to file a supplemental Petition and "for an order requiring Respondents to explain [her] removal and to facilitate her return." [Doc. 15]. For reasons below, the Motion is DENIED and this matter is DISMISSED without prejudice.

## BACKGROUND

Petitioner is a citizen of Guatemala. She entered the United States on April 15, 2018. [Doc. 1, p. 3]. She was then "apprehended by U.S. Immigration authorities, served with a Notice to Appear ("NTA"), [] and subsequently released pending immigration proceedings." *Id.* ICE re-detained Petitioner on May 18, 2026. [Doc. 1, p. 4]. On August 19, 2026, an immigration judge ordered Petitioner removed to Guatemala. [Doc. 12-2]. Petitioner appealed the removal Order to the Board of Immigration Appeals ("BIA"); and her appeal remains pending. On September 30, 2026, with her appeal still pending, the Government removed Petitioner to Guatemala. [Doc. 15].

---

[1] Petitioner's "A Number" is 216-570-963.

Petitioner filed the instant Motion on October 22, 2026. While her original Petition sought relief from detention without a bond hearing, she now "moves for leave to file [a] Supplemental Petition under Federal Rule of Civil Procedure 15(d)" and "for an order requiring Respondents to explain, under oath, her removal on September 30, 2026, and to facilitate her return." [Doc. 15, p. 1]. Petitioner recounts: "DHS removed Petitioner to Guatemala on September 30, 2026, while Petitioner's direct appeal remained pending before the BIA and the automatic stay under 8 C.F.R. § 1003.6(a) was allegedly in effect." *Id.* She argues in part: "As a result of her removal, Petitioner has been separated from her United States citizen child. She also faces potential inadmissibility consequences under 8 U.S.C. § 1182(a)(9)(A)(ii) and the risk that DHS will contend that her appeal was withdrawn under 8 C.F.R. § 1003.4. In addition, her removal has impaired her ability to participate meaningfully in her pending administrative appeal and any further proceedings." *Id.* at 5.

Respondents opposed the motion on November 5, 2026. [Doc. 16]. They argue, "Petitioner's supplemental petition for habeas corpus relief is improper because Petitioner has already been removed and this Court now lacks jurisdiction to consider such petition." *Id.* at 1.

## LAW AND ANALYSIS

A petitioner "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Herndon v. Upton*, 2021 WL 116535, at *2 (5th Cir. Jan. 13, 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Jurisdiction is constrained to adjudicating "actual, ongoing controversies between

litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *U.S. v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

Here, because Petitioner is no longer subject to the detention she challenged, her habeas corpus proceeding is moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Because Bailey was released ... this court can no longer provide him with that relief."); *Herndon*, 2021 WL 116535, at *2 ("Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement."); *Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.*, 537 F. App'x 451 (5th Cir. 2013). [2]

And Petitioner's request to amend her Petition and add additional requests for relief, such as a declaration that her removal was unlawful and an order enjoining the Government to return her to the United States, would not cure the jurisdictional

[2] On October 9, 2026, Magistrate Judge Ayo – not having been informed that Petitioner had already been removed – issued a Report and Recommendation, recommending that the Court deny the instant Petition and dismiss the claims without prejudice. [Doc. 13]. The Magistrate Judge opined specifically: (1) 8 U.S.C. § 1225 does not authorize release on bond and Petitioner was, therefore, not statutorily entitled to bond or a bond hearing; (2) Petitioner was not entitled to a bond hearing under the Due Process Clause; and (3) the Government was not detaining Petitioner in violation of the Administrative Procedure Act. *Id.* However, because the Court no longer has jurisdiction over this matter, the Report and Recommendation is VACATED.

defect. [Doc.15, p. 6]. Petitioner filed this proceeding under 28 U.S.C. § 2241. [Doc. 1]. Under Section 2241(c), "The writ of habeas corpus shall not extend" to a petitioner unless the petitioner is "in custody." Plainly, Petitioner is not in the custody of the United States. Her Petition is therefore moot. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 127 (2020) (opining that "at the time of the adoption of the Constitution[,]" the writ of habeas corpus "simply provided a means of contesting the lawfulness of restraint and securing release" and did not "permit a petitioner to claim the right to enter or remain in a country or to obtain administrative review potentially leading to that result."); *see also*, 8 USC 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter").

## CONCLUSION

For the reasons above,

IT IS HEREBY ORDERED that Petitioner's Motion, [Doc. 15], is DENIED and this matter is DISMISSED without prejudice as moot.

IT IS FURTHER ORDERED that the Report and Recommendation [Doc. 13] is VACATED.

THUS, DONE AND SIGNED in chambers on this 19th day of November 2026.

David C Joseph

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE